IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MANUEL MANRIQUE, | ) | |
| CARMEN ULLOA, | ) | |
| Individually and on behalf of others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| UPLAND CONTRACTING LLC and | ) | |
| RICARDO SABLON | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Manuel Manrique and Carmen Ulloa, individually and

on behalf of others similarly situated, who file this lawsuit against Defendants

Upland Contracting LLC and Ricky Sablon (hereinafter collectively

"Defendants"), and show the following:

## Nature of Complaint

1.

Plaintiffs bring this action to obtain full and complete relief and to redress

the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for

Defendants' failure to pay federally mandated minimum wages and overtime

wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's

employment with Defendants.

## Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b),

and 28 U.S.C. §1343(4).

4.

Defendant Upland Contracting LLC (hereinafter "Upland"), Inc. may be

served by delivering a copy of the summons and complaint to its registered agent,

Ricardo Sablon.

5.

Defendant Ricardo Sablon (hereinafter "Sablon") may be served by

delivering a copy of the summons and complaint to his home address at 5535 East

Morton Road, Alpharetta, Georgia 30022.

6.

The unlawful employment practices alleged in this Complaint were

committed by Defendants who both reside in this division and district.  In

accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue

is appropriate in this Court.

## Parties

### *Plaintiffs*

7.

Plaintiffs were employed as laborers to assist with the painting and remodeling of buildings during the three years prior to the filing of this lawsuit.

8.

Plaintiffs have consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. §216(b).  Plaintiffs' signed consent forms are filed with this Court contemporaneously with this Complaint.  Should additional plaintiffs join this action, their signed consent forms will be timely filed with this Court.

### *Proposed Collective Definition*

9.

 "Plaintiff and others similarly situated" (the "FLSA Collective") is defined as all persons who work or have worked as laborers who have worked unpaid hours and/or unpaid overtime hours within the three years prior to the filing of this lawsuit and up to the entry of judgment in this case.

*Defendants*

10.

Defendant Upland is a corporation licensed to do business in Georgia.

11.

Defendant Sablon is a resident of Georgia.

**Factual Allegations**

12.

Upon information and belief, Upland is a general contracting company engaged in remodeling projects.

13.

At all times material hereto, Upland has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 6(a), 29 U.S.C. §§ 203(s)(1) and 206 (a).

15.

At all times material hereto, Upland had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

At all times material hereto, Upland had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

At all times material hereto, Upland had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

The "goods" referenced in the previous paragraph include, but are not limited to wood, paint, trucks, and other goods used in the construction and remodeling business.

19.

In all relevant years, Upland had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

For up to three years prior to the filing of the instant complaint, Defendants have employed laborers at Upland.

21.

For up to three years prior to the filing of the instant complaint, Defendants have allowed laborers to work "off-the-clock" without compensation for both regular and overtime hours.

22.

Plaintiffs worked over forty hours in some weeks they worked for

Defendants.

23.

Plaintiffs started working as laborers for Upland in September 2014. They earned $14 per hour between September 2014 and November 2014.

24.

Between September 2014 and November 2014, Plaintiffs were not paid one and one-half times their hourly rate for any overtime hours worked.

25.

Between November 2014 and January 2015, Plaintiffs earned $16 per hour.

26.

Between November 2014 and January 2015, Plantiffs were not paid one and one-half times their hourly rate for any overtime hours worked.

27.

Between November 2014 and January 2015, there were also several dates worked when Plaintiffs received no wages at all.

28.

Defendant Sablon had discretion over Plaintiff's working hours, employment status, and overtime compensation.

29.

Defendant Sablon acted both directly and indirectly in the interest of Upland and was in a supervisory position over Plaintiffs.

30.

Upland is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

31.

Defendant Sablon is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

32.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

33.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiffs.

## <u>Violation of the Minimum Wage Requirement of the Fair Labor Standards Act.</u>

34.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 6, 29 U.S.C. § 206, by failing to pay any wages for certain time periods that Plaintiffs worked.

35.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover unpaid wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

36.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

37.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Prayer for Relief

**WHEREFORE**, Plaintiffs and the FLSA Collective respectfully request that this Court:

(A)   Grant Plaintiffs and the FLSA Collective a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiffs and the FLSA Collective unpaid wages pursuant to the FLSA §6; 29 U.S.C. § 207, unpaid overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as

provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages

pursuant to 29 U.S.C. § 216, and court costs, expert witness fees,

reasonable attorneys' fees as provided under FLSA § 16 and all other

remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights and the rights of

the FLSA Collective have been violated; and

(D)   Award Plaintiff and the FLSA Collective such further and additional relief

as may be just and appropriate.

Respectfully submitted this 10th day of August, 2015.

**THE SHARMAN LAW FIRM LLC**

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiffs